UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANIEL SANABRIA ROMERO** | **CASE NO.  6:20-CV-00789 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **WILLIAM P. BARR, ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM ORDER

Pro se plaintiff Daniel Sanabria Romero, proceeding in forma pauperis, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, on June 15, 2020. Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE").  Petitioner alleges that his continued detention is unconstitutional *under Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) and requests immediate release from detention with reasonable conditions of supervision.  Rec. Docs. 1, 6.  Petitioner has requested a temporary restraining order (rec. doc. 6, p. 7) and also filed a Motion to Appoint Counsel and Motion for Evidentiary Hearing (rec. doc. 2).

### I.    Temporary Restraining Order

Petitioner has included in his request for relief a request for a Temporary Restraining Order. Rec. Doc. 6, p. 7.  A litigant moving for a preliminary injunction or TRO must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will

result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. *Women's Med. Ctr. of Northwest Houston v. Bell*, 248 F.3d 411, 418-20 (5th Cir.2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir.1976).

Petitioner cannot prevail because he has not demonstrated a substantial threat of irreparable injury. It should be noted that in a separate order, service of process on the defendants has been ordered and the Clerk has been directed to serve a copy of the request for temporary restraining order, included in the petition for writ of habeas corpus, on the defendants. Thus, plaintiff's claims will ultimately be addressed on the merits.

## II. Motion to Appoint Counsel

Plaintiff has also filed a Motion to Appoint Counsel. Rec. Doc. 2. In general, the Court has authority to appoint counsel to represent an indigent party in any civil case pursuant to 28 U.S.C. § 1915(e)(1). That section provides: "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C.A. § 1915(e)(1) (West Supp. 2000). However, appointed counsel in a civil case is a privilege and not a constitutional right, allowed only in exceptional cases. *See Santana v. Chandler*, 961 F.2d 514, 515-16 (5th Cir. 1992); *Lopez v. Reyes*, 692 F.2d

15, 17 (5th Cir. 1982). Thus, in determining whether to make such an appointment, a court should look at the following factors, among others: (1) the type and complexity of the case; (2) whether the petitioner is capable of adequately representing his case; (3) whether the petitioner is in a position to investigate his case adequately; and (4) whether the evidence will consist in large part of conflicting testimony that would require skill in the presentation of evidence and in cross-examination. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Here, the Court does not find any exceptional circumstance to justify appointing counsel for Petitioner. In this immigration case, though a somewhat complex area of law, most questions the Court will resolve will be legal rather than factual. Hence, there will be little need for Petitioner to investigate his case. Moreover, at this time, the Court does not find the need for testimony in this case and, consequently, no need for skillful cross-examination.

Although many persons in Petitioner's situation (i.e., criminal aliens facing removal) have a significant language barrier, Petitioner appears to write English plainly and with sufficient aptitude for the Court to understand. More importantly, a quick review of the papers Petitioner has filed in this case, without an attorney to assist him, demonstrates that Petitioner has more than a rudimentary understanding of the law and procedure. His filings are neatly typed, and his exhibits are plainly labeled. Moreover, Petitioner cites statutes and case-law with more than a lay-

person's understanding. In short, the Court is quite confident that Petitioner will be able to represent himself in this cause.

Should the matter proceed to a point where the Court finds that an exceptional circumstance presents, it will revisit this issue. Consequently, after due consideration, the Court is of the opinion that the instant request for appointed counsel is **DENIED.**

### III. Request for Evidentiary Hearing

Finally, Petitioner has requested an evidentiary hearing. Rec. Doc. 2. After the habeas petition is served, an answer has been filed, and the record is complete, the Court will determine the necessity of an evidentiary hearing. Accordingly, this request is **DENIED** at this time.

Accordingly,

**IT IS ORDERED** that plaintiff's request for Temporary Restraining Order (rec. doc. 6) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for to Appoint Counsel and Motion for Evidentiary Hearing (rec. doc. 2) is hereby **DENIED.**

In Chambers, Lafayette, Louisiana, July 10, 2020.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE