UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**DANIEL SANABRIA ROMERO**      CASE NO. 6:20-CV-00789 SEC P
**#A213-245-161**

**VERSUS**      JUDGE ROBERT R. SUMMERHAYS

**WILLIAM BARR, ET AL**      MAGISTRATE JUDGE WHITEHURST

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner Daniel Sababria Romero. Petitioner is an immigration detainee in the custody of the Department of Homeland Security / U.S. Immigration and Customs Enforcement ("DHS/ICE"). He is detained at the Pine Prairie Correctional Center, in Pine Prairie, Louisiana. Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) [Rec. Doc. 1].

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

### *Procedural History*

Petitioner is a native and citizen of Cuba, who, on September 14, 2019, applied for admission to the United States at the Presidio, Texas Port of Entry. Rec.

Do. 16-1, Declaration of Scott Ladwig, Assistant Field Office Director, at ¶ 3. He was found to be inadmissible under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (the "Act"), as an alien who, at the time of application for admission, was not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act. *Id.* at ¶ 4. He also did not have a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act. *Id.*

On September 14, 2019, Petitioner alleged that he had a fear of returning to Cuba. Rec. Doc. 6-1, pp. 25-28. On the same day, DHS/ICE processed Petitioner for Expedited Removal. Rec. Doc. 16-1 at ¶ 5. Petitioner was referred to an interview with an Asylum Officer who determined Petitioner did not have a credible fear of persecution. Rec. Doc. 6-1, pp. 30. On October 3, 2019, United States Citizen and Immigration Services (USCIS) affirmed the grounds of Petitioner's inadmissibility. Rec. Doc. 16-1 at ¶ 5. Petitioner requested that an immigration judge review the Asylum Officer's findings. Rec. Doc. 6-1 at p. 32. On November 4, 2019, an Immigration Judge affirmed the finding of USCIS and ordered Petitioner removed from the United States to Cuba. Rec. Doc. 16-1 at ¶ 5; see also Rec. Doc. 6-1 at p. 38. The removal order became administratively final pursuant to 8 C.F.R. § 1241.1 on November 4, 2019. Rec. Doc. 16-1 at ¶ 5.

On December 23, 2019, the Enforcement and Removal Operations Division of ICE submitted a removal nomination to the ICE International Operations Division who subsequently sent a request for acceptance to the Government of Cuba, which is standard procedure for the removal of Cuban citizens. *Id*. at ¶ 7. The Government of Cuba accepted the Petitioner for removal on March 5, 2020, and on March 25, 2020, the Cuban Government notified ICE that charter flights to Cuba would need to be postponed due to COVID-19. *Id*. The Government represents that once the Cuban Government drops the temporary restrictions for non-essential flights into Cuba due to COVID-19, there are no foreseeable impediments to Petitioner's removal.

*Law and Analysis*

Petitioner challenges his detention pending removal. The statute applicable to the detention of aliens under final orders of deportation, 8 U.S.C. § 1231(a)(1(A), and, thus, applicable to Petitioner, provides that the Attorney General has 90 days after an order of removal becomes final in which to effect an alien's removal. Although ICE has 90 days to remove an alien after he is ordered removed under 8 U.S.C. § 1231(a)(1)(A), the Supreme Court has held that § 1231 permits the detention of criminal aliens beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. Pursuant to *Zadvydas*,

detention for up to six months after the removal order becomes final is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.

After six months, however, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. For the detention to remain reasonable, as the period of post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. Therefore, detention for six months does not mandate automatic release. At that point, a determination must be made as to whether there is a significant likelihood of Petitioner's removal in the reasonably foreseeable future. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). In order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). To meet his burden under the second prong, an alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, 03-

1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)). In order to shift the burden to the Government, an alien must demonstrate that "the circumstances of his status" or the existence of "particular individual barriers to his repatriation" to his country of origin are such that there is no significant likelihood of removal in the reasonably foreseeable future. *Id*. If the alien fails to come forward with an initial offer of proof, the petition is ripe for dismissal. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051 (11th Cir. 2002).

Romero has failed to show that his situation presents specific circumstances or barriers that establish he likely cannot be removed to Cuba in the reasonably foreseeable future. To the contrary, the Cuban Government accepted Petitioner for removal on March 5, 2020 (rec. doc. 16-1, ¶7), which supports the conclusion that Romero does not have individualized barriers that stand in his way of returning to Cuba.

Further, the efforts made by the Government to secure travel documents for Romero and comply with *Zadvydas* must be viewed through the lens of our present world. *See Henry v. Barr*, 2020 U.S. Dist. LEXIS 220142, *10 (N.D. Tex. Oct. 30, 2020). The world is grappling with a COVID-19 pandemic, which has impacted both national and international travel. *Id*. Indeed, the pandemic has delayed essentially everything. *Id*. (citing *See Shah v. Wolf*, 2020 WL 4456530, at *3 (N.D. Tex. July

5

13, 2020), *rec. adopted*, 2020 WL 4437484 (N.D. Tex. Aug. 3, 2020) (denying *Zadvydas* claim despite delay caused by COVID-19; petitioner's arguments that pre-pandemic travel authorization was "obsolete" was supported only by speculation and conjecture and did not suffice to carry his burden); *see also Ramirez v. Searls*, 2020 WL 2748203, at *2 (W.D.N.Y. May 27, 2020) (denying *Zadvydas* claim despite the delay caused by COVID-19 because the Department of Homeland Security was in possession of a travel document and had also indicated that it was planning to remove the petitioner within a month)).

Considering the foregoing, Romero has failed to come forward with evidence suggesting he will not be removed in the reasonably foreseeable future.

Accordingly,

**IT IS RECOMMENDED** that this petition for writ of *habeas corpus* be **DENIED AND DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE in Chambers on this 29th day of December, 2020.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE